IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVENS WHITE <br> PLAINTIFFS <br><br> VS. <br><br> LEBLANC NISSAN, L.C. <br> DEFENDANT | * <br> * <br> *    CIVIL ACTION NO. _____ <br> * <br> *    COMPLAINT AND DEMAND <br> *    FOR A JURY TRIAL <br> * |

**COMPLAINT**

I. INTRODUCTION

1. The Plaintiff brings this individual action for damages based upon Defendant's unlawful and deceptive practices. The complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA"). Plaintiff seeks actual damages, punitive damages, costs and attorney fees under the FCRA.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3. Plaintiff, Stevens White, is a natural person above the age of majority residing in East Baton Rouge Parish, State of Louisiana. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant, LeBlanc Nissan, L.C. (hereinafter referred to as "defendant" or "LeBlanc") is a domestic limited liability corporation, with its domicile located at 14295 Airline Highway, Gonzales, LA 70737, and whose registered agent for service of process is V. Price

1

LeBlanc, Jr., 8811 Veterans Memorial Blvd., Metairie, LA 70003.

## IV. FACTUAL ALLEGATIONS

5. On or about April 2009, Plaintiff Stevens White applied for employment at defendant's place of business in Gonzales, Louisiana, a car dealership, as an automobile salesman.

6. Plaintiff began working at this car dealership on a probationary period pending a background check on plaintiff.

7. As part of the process, defendant obtained or pulled an investigative consumer report for employment purposes on plaintiff.

8. When defendant received this investigative consumer report, it learned that plaintiff had an outstanding warrant for his arrest pending in the 19th Judicial District Court for the Parish of East Baton Rouge.

9. Based upon this information, defendant terminated plaintiff's employment with defendant.

10. However, in doing so, defendant did not provide Mr. White with a copy of the investigative consumer report nor did it provide Mr. White with the name of the consumer reporting agency which provided it with this report, both of which were required to be done pursuant to the provisions of the FCRA.

11. Plaintiff had previously had an arrest warrant for a check returned for insufficient funds, which he had stopped payment on due to a dispute with the payee over the goods and services provided, but this warrant had been recalled years before.

12. Plaintiff therefore believed this was the warrant at issue, because he did not get the report as required by law, and did not realize it was a different arrest warrant arising out of

an unrelated matter.

13. The outstanding arrest warrant had been issued because plaintiff had moved and was unaware there were any charges against him for the second matter.

14. Plaintiff therefore applied for a job with a different automobile dealer, believing that the warrant was no longer outstanding, and lost that job as well because he did not realize there was a different warrant outstanding.

15. Plaintiff thereafter learned more information about the warrant and had it recalled so it would no longer be reported on any future investigative consumer reports.

## FAIR CREDIT REPORTING ACT

16. The foregoing acts and omissions of Defendant willfully and/or negligently fail to comply with the requirements of the FCRA, specifically section 1681b(b)(3).

17. As a direct and proximate result of the foregoing acts and omissions of defendant, plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress and inconvenience, and loss of employment, for which he should be compensated in an amount to be proven at trial.

18. The acts complained of herein were done by defendant intentionally, purposefully, and/or in reckless disregard of the rights of plaintiff.

19. Defendant is liable to plaintiff for actual damages, punitive damages, attorney fees, and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant LeBlanc Nissan, L.C. for:

(a) the greater of statutory or actual damages as to 15 U.S.C. § 1681n or actual damages

under 15 U.S.C. § 1681o;

(b) punitive damages as to Count I pursuant to 15 U.S.C. § 1681n;

(c) attorney's fees pursuant to 15 U.S.C. § 1681n and/or § 1681o as to Count I;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com
